IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEMARCUS B. MOORER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 124-204 |
| ) | |
| DESHAWN JONES, Warden; OMAR ) | |
| HARMON; EVERETTE MORTON; and ) | |
| TAMMY MCARTHUR, ) | |
| ) | |
| Defendants.[1] ) | |

**O R D E R**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      Screening the Amended Complaint**

    **A.      Background**

Plaintiff commenced this case by submitting a four-page handwritten complaint detailing various complaints against unspecified defendants concerning his incarceration at ASMP to the Clerk of Court in the Northern District of Georgia. (See generally doc. no. 1.) When Plaintiff

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants on the docket in accordance with the above caption, which is consistent with the amended complaint. (See doc. no. 10, pp. 2-3.) Plaintiff listed "Warden" as Defendant Deshawn Jones' job title, not as a stand-alone Defendant.

subsequently filed his motion to proceed *in forma pauperis* after the case was transferred to this Court, (see doc. no. 2), he included a handwritten, three-page attachment which appeared to elaborate on the claims raise in his initial complaint and names specific defendants, (doc. no. 6, pp. 3-6).  Because it was unclear based on the nature of this attachment whether Plaintiff intended this filing to serve as an amended complaint, and because Plaintiff did not submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, the Court directed Plaintiff to amend his complaint on the standard complaint form, and to include all matters he wishes the Court to consider in that one document.  (Doc. no. 8.)  Plaintiff timely filed an amended complaint.  (Doc. no. 10.)

In his amended complaint, Plaintiff provides a disjointed description of various issues concerning various individuals at ASMP from April through December of 2024.  (Id.)  The Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, but the Court can determine only that Plaintiff is alleging numerous issues related to assault by fellow inmates, various medical care delays and denials, disciplinary proceedings, housing assignments, ADA accommodations, vision impairment, religious and dietary accommodations, threats, hygiene materials, and retaliation.  (Id.)  Moreover, despite the Court's instructions to provide a "a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit" and to "name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint," (doc. no. 8, p. 5), Plaintiff's caption names four Defendants while the statement of his claims refers to dozens more individuals as "Defendants," (doc. no. 10, pp. 1-3, 5-6).

B.  **Discussion**

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

3

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Pleading Deficiencies in Plaintiff's Complaint

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has any viable claims. The Court is unable to discern which individuals Plaintiff intends to name as Defendants in the instant suit because he fails to clearly identify all individuals he intends to sue and confusingly refers to individuals not listed in his caption as "Defendants" in his statement of claims. Many of Plaintiff's allegations are not tied to any specific Defendant or individual and instead read as a general statement of dissatisfaction with jail conditions or general assertions of unsatisfactory behavior by prison officials. Such generalities will not suffice. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Moreover, it is not clear all of Plaintiff's claims may be joined in one lawsuit.[2]

---

[2] Proper joinder under Fed. R. Civ. P. 20 requires: (1) all claims against joined defendant must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).).

In sum, the Court is unable to discern the intended Defendants or the basis for Plaintiff's claims and his unrelated allegations about various events at ASMP are not properly joined in one lawsuit.

## II.     Leave to Amend Complaint

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint.  See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (explaining *pro se* plaintiff must be given one chance to amend to cure pleading deficiencies prior to dismissal).  Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order.  The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order.  The statement of claim must not exceed six handwritten pages attached to the standard form.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Ga. Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order.  The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an

5

amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any,

Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

SO ORDERED this 3rd day of February, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA